**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Consumer Financial Protection Bureau,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>Commercial Credit Consultants (d.b.a. Accurise); IMC Capital L.L.C. (a.k.a. Imperial Meridian Capital L.L.C., Imperial Capital, and IMCA Capital L.L.C.); Prime Credit, L.L.C. (a.k.a. Prime Marketing, L.L.C.; d.b.a. Prime Credit Consultants); Blake Johnson; and Eric Schlegel,<br><br>　　　　Defendants. | Case No. 2:17-cv-4720<br><br>**STIPULATED FINAL JUDGMENT AND ORDER** |

　　　　Plaintiff, the Consumer Financial Protection Bureau ("Bureau") commenced this civil action against Defendants Commercial Credit Consultants (d.b.a. Accurise); IMC Capital L.L.C. (a.k.a. Imperial Meridian Capital L.L.C., Imperial Capital, and IMCA Capital L.L.C); Prime Credit, L.L.C. (a.k.a. Prime Marketing, L.L.C.; d.b.a. Prime Credit Consultants); Blake Johnson; and Eric Schlegel (collectively, "Defendants") on June 27, 2017, to obtain injunctive relief and civil money penalties.

　　　　The Complaint alleges violations of §§ 1031(a) and 1036(a)(1) of the Consumer Financial Protection Act of 2010 ("CFPA"), 12 U.S.C. §§ 5531(a), 5536(a)(1), and the

Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, which implements the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108.

Plaintiff and Defendants request that the Court enter this Stipulated Final Judgment and Order ("Order").

**FINDINGS**

1) This Court has jurisdiction over the parties and the subject matter of this action.

2) Plaintiff and Defendants agree to entry of this Order to settle and resolve all matters in this dispute arising from the conduct alleged in the Complaint to the date this Order is entered.

3) Defendants neither admit nor deny any allegations in the Complaint, except as specifically stated in this Order. For the purposes of this Order, Defendants admit the facts necessary to establish the Court's jurisdiction over them and the subject matter of this action.

4) Between August 1, 2009 and September 30, 2014, Defendants charged consumers for credit repair services, and returned a portion of these fees to consumers through either refunds or chargebacks. Defendants caused harm in the amount of the total fees consumers paid, less any refunds they received.

5) Defendants waive service under Rule 4(d) of the Federal Rules of Civil Procedure and waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order. Defendants also waive any claim they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order. Each party will bear its own costs and expenses, including without limitation attorneys' fees.

6) Entry of this Order is in the public interest.

**DEFINITIONS**

7) The following definitions apply to this Order:

   a) "Affected Consumers" includes any consumer who paid fees to Defendants for Credit Repair Services from August 1, 2009 to September 30, 2014.

   b) "Credit Repair Services" means any good or service that is represented to remove derogatory information from, or improve, a person's credit history, credit record, or credit rating.

   c) "Defendants" means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

   i) "Corporate Defendants" means Commercial Credit Consultants (d.b.a. Accurise); IMC Capital L.L.C. (a.k.a. Imperial Meridian Capital L.L.C., Imperial Capital, and IMCA Capital L.L.C); and Prime Credit, L.L.C. (a.k.a. Prime Marketing, L.L.C.; d.b.a. Prime Credit Consultant), and their successors and assigns.

   ii) "Individual Defendants" means Blake Johnson and Eric Schlegel.

   d) "Effective Date" means the date on which this Order is entered on the docket by this Court.

   e) "Enforcement Director" means the Assistant Director of the Office of Enforcement for the Consumer Financial Protection Bureau, or his/her delegate.

   f) "Related Consumer Action" means a private action by or on behalf of one or more consumers or an enforcement action by another governmental agency

brought against Defendant based on substantially the same facts as described in this Order or the Complaint.

## **ORDER**

**IT IS ORDERED** that:

### I. Conduct Prohibition

8) Defendants and their officers, agents, servants, employees, and attorneys who have actual notice of this Order, whether acting directly or indirectly, may not violate §§ 1031 and 1036 of the CFPA, 12 U.S.C. §§ 5531 and 5536, and the TSR, 16 C.F.R. pt. 310, in the provision of Credit Repair Services.

9) Defendants, and their officers, agents, servants, and employees who have actual notice of this Consent Order, whether acting directly or indirectly, are restrained for 5 years from:

   a) Advertising, marketing, promoting, providing, offering for sale, selling, assisting in the sale of, or administering Credit Repair Services; or

   b) Receiving any remuneration or other consideration from, holding any ownership interest in, providing services to, or working in any capacity for any person engaged in or assisting in advertising, marketing, promoting, offering for sale, or selling Credit Repair Services.

### II. Customer Information

10) Defendants, and their officers, agents, servants, employees, and attorneys who receive actual notice of this Consent Order, whether acting directly or indirectly, may not disclose, use, or benefit from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that

4

enables access to a customer's account (including a credit card, bank account, or other financial account), that Defendant obtained before the Effective Date in connection with the offering or sale of credit repair services. However, customer information may be disclosed if requested by a government agency or required by law, regulation, or court order.

**III. Civil Money Penalties**

11) Under § 1055(c) of the CFPA, 12 U.S.C. § 5565(c), by reason of the alleged violations of law described in the Complaint, and taking into account the factors in 12 U.S.C. § 5565(c)(3), a judgment for a civil money penalty is entered in favor of the Bureau and against Defendants, jointly and severally, in the amount of $1,530,000.

12) Within 10 days of the Effective Date, Defendants must pay the civil money penalty by wire transfer to the Bureau or to the Bureau's agent in compliance with the Bureau's wiring instructions.

13) The civil money penalty paid under this Order will be deposited in the Civil Penalty Fund of the Bureau as required by § 1017(d) of the CFPA, 12 U.S.C. § 5497(d).

14) Defendants must treat the civil money penalty paid under this Order as a penalty paid to the government for all purposes. Regardless of how the Bureau ultimately uses those funds, Defendants may not:

    a) Claim, assert, or apply for a tax deduction, tax credit, or any other tax benefit for any civil money penalty paid under this Order; or

    b) Seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made under any insurance policy, with regard to any civil money penalty paid under this Order.

15) To preserve the deterrent effect of the civil money penalty in any Related Consumer Action, Defendants may not argue that Defendants are entitled to, nor may Defendants benefit by, any offset or reduction of any compensatory monetary remedies imposed in the Related Consumer Action because of the civil money penalty paid in this action or because of any payment that the Bureau makes from the Civil Penalty Fund ("Penalty Offset"). If the court in any Related Consumer Action grants such a Penalty Offset, Defendants must, within 30 days after entry of a final order granting the Penalty Offset, notify the Bureau, and pay the amount of the Penalty Offset to the U.S. Treasury. Such a payment will not be considered an additional civil money penalty and will not change the amount of the civil money penalty imposed in this action.

**IV. Additional Monetary Provisions**

16) In the event of any default on Defendants' obligation to make payment under this Order, interest, computed under 28 U.S.C. § 1961, as amended, will accrue on any outstanding amounts not paid from the date of default to the date of payment, and will immediately become due and payable.

17) Defendants must relinquish all dominion, control, and title to the funds paid or to be paid under this Order to the fullest extent permitted by law and no part of the funds may be returned to Defendants.

18) Under 31 U.S.C. § 7701, Defendants must furnish to the Bureau their taxpayer identifying numbers, which may be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

19) Within 30 days of the entry of a final judgment, consent order, or settlement in a Related Consumer Action, Defendants must notify the Enforcement Director of the final

judgment, consent order, or settlement in writing. That notification must indicate the amount of redress, if any, that Defendants paid or are required to pay to consumers and describe the consumers or classes of consumers to whom that redress has been or will be paid.

## V. Reporting Requirements

20) Defendants must notify the Bureau of any development that may affect compliance obligations arising under this Order, including but not limited to, any change in structure of any Corporate Defendant, including a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor company; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of any bankruptcy or insolvency proceeding by or against Defendants; or a change in Defendants' name or address. Defendants must provide this notice, if practicable, at least 30 days before the development, but in any case no later than 14 days after the development.

21) Within 7 days of the Effective Date, Defendants must:

   a) Designate at least one telephone number and email, physical, and postal address as points of contact, which the Bureau may use to communicate with Defendants;

   b) Identify all businesses for which any Defendant is the owner, or that a Defendant directly or indirectly controls, by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

   c) Describe the activities of each such business, including the products and services offered, and the means of advertising, marketing, and sales;

   d) Identify Individual Defendants' telephone numbers and all email, Internet, physical, and postal addresses, including all residences; and

       e)        Describe in detail Individual Defendants' involvement in any business for which they perform services in any capacity or which they wholly or partially own, including Defendant's title, role, responsibilities, participation, authority, control, and ownership.

22)     For 5 years from the Effective Date, the Defendants must report any change in the information required to be submitted under ¶ 20 at least 30 days before the change or as soon as practicable after learning about the change, whichever is sooner.

23)     Within 90 days of the Effective Date, and again one year after the Effective Date, Defendants must submit to the Enforcement Director an accurate written compliance progress report, which, at a minimum:

       a)        Describes in detail the manner and form in which Defendants have complied with this Order; and

       b)        Attaches a copy of each Order Acknowledgment obtained under § VI, unless previously submitted to the Bureau.

## VI.    Order Distribution and Acknowledgment

24)     Within 30 days of the Effective Date, Corporate Defendants must deliver a copy of this Order to each entity's executive officers.

25)     For 5 years from the Effective Date, Defendants must deliver a copy of this Order to any business entity resulting from any change in structure referred to in ¶ 20, and any future board members and executive officers before they assume their responsibilities.

26)     Defendants must secure a signed and dated statement acknowledging receipt of a copy of this Order, ensuring that any electronic signatures comply with the requirements of the

E-Sign Act, 15 U.S.C. § 7001 *et seq.*, within 30 days of delivery, from all persons receiving a copy of this Order under this Section.

**VII.   Recordkeeping**

27)   Defendants must create or, if already created, must retain for at least 5 years from the Effective Date all documents and records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Bureau.

28)   Defendants must retain the documents related to the compliance report described in ¶ 27 for at least 5 years.

29)   Defendants must make the documents identified in ¶ 27 available to the Bureau upon the Bureau's request.

**VIII.   Notices**

30)   Unless otherwise directed in writing by the Bureau, Defendants must provide all submissions, requests, communications, or other documents relating to this Order in writing, with the subject line, "*In re Prime Credit Consultants*, Matter No. 2013-0946-02" and send them either:

    a)   By overnight courier (not the U.S. Postal Service), as follows:

        Assistant Director for Enforcement
        Consumer Financial Protection Bureau
        ATTN:  Office of Enforcement
        1625 Eye St., N.W.
        Washington, DC 20006

    b)   By first-class mail to the below address and contemporaneously by email to Enforcement_Compliance@cfpb.gov:

Assistant Director for Enforcement

Consumer Financial Protection Bureau

ATTN: Office of Enforcement

1700 G Street, N.W.

Washington, DC 20552

### IX. Cooperation with the Bureau

31) Defendants must cooperate fully to help the Bureau determine the identity and location of, and the amount of injury sustained by, each Affected Consumer. Defendants must provide such information in their or their agents' possession or control within 14 days of receiving a written request from the Bureau.

### X. Compliance Monitoring

32) Within 30 days of receipt of a written request from the Bureau, Defendants must submit compliance reports or other requested information, which must be made under penalty of perjury; provide sworn testimony; or produce documents.

33) Defendants must permit Bureau representatives to interview any employee or other person affiliated with Defendants who have agreed to such an interview regarding the subject matter or compliance of this Order. The person interviewed may have counsel present.

34) Nothing in this Order will limit the Bureau's lawful use of civil investigative demands under 12 C.F.R. § 1080.6 or other compulsory process.

### XI. Retention of Jurisdiction

35) The Court will retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

36) Notwithstanding the provisions of ¶ 35, any time limits for performance fixed by this Order may be extended by mutual written agreement of the parties and without further Court approval. Additionally, details related to administration of §§ V through X of this Order may be modified by written agreement of the parties and without further Court approval. Any other modifications to this Order may be made only upon approval of the Court, upon motion by any party.

**XII.  Release**

37) The Bureau releases and discharges Defendants from all potential liability for law violations that the Bureau has or might have asserted based on the practices alleged in the Complaint, to the extent such practices occurred before the Effective Date and the Bureau knows about them as of the Effective Date. The Bureau may use the practices alleged in the Complaint in future enforcement actions against Defendants or their affiliates to establish a pattern or practice of violations or the continuation of a pattern or practice of violations or to calculate the amount of any penalty. This release does not preclude or affect any right of the Bureau to determine and ensure compliance with this Order, or to seek penalties for any violations of this Order.

**IT IS SO ORDERED**.

Dated:  June 30, 2017            _____
                                 UNITED STATES DISTRICT JUDGE

Consented and agreed to:

FOR THE CONSUMER FINANCIAL PROTECTION BUREAU:

Anthony Alexis
Enforcement Director

Deborah Morris
Deputy Enforcement Director

Craig Cowie
Assistant Litigation Deputy

 /s/ Sarah Preis
Sarah Preis
(Email: sarah.preis@cfpb.gov)
(Phone: 202-435-9318)
Colin Reardon
(Email: colin.reardon@cfpb.gov)
(Phone: 202-435-9668)
Benjamin Clark
(Email: benjamin.clark@cfpb.gov)
(Phone: 202-435-7871)
1700 G Street NW
Washington, DC 20552
Fax: (202) 435-7722

Attorneys for Plaintiff
Consumer Financial Protection Bureau

FOR DEFENDANTS:

/s/ Richard L. Scheff
RICHARD L. SCHEFF
(Email: rscheff@mmwr.com)
(Telephone: 215-772-7502)
DAVID F. HERMAN
(Email: dherman@mmwr.com)
(Telephone: 215-772-7620)
Montgomery McCracken Walker & Rhoads LLP
123 South Broad Street
Philadelphia, PA 19109
Fax: (215) 731-3922

GILLIAN L. WADE
(Email: gwade@mjfwlaw.com)
(Telephone: 310-396-9600)
Milstein Jackson Fairchild & Wade LLP
10250 Constellation Blvd., 14th Floor
Los Angeles, CA 90067
Fax: (310) 396-9625

Attorneys for Defendants